Hillsborough, } 
March 3, 1914. }

GEORGE E. BAKER & a. v. WILLIAM H. BARRY & a.

Persons who were duly appointed police officers of a city and have performed the duties of that office are legally entitled to compensation therefor; and their right to recover is not affected by the fact that others, who were supposed to have been removed from office, are still members of the force.

PETITION for *mandamus*. Facts found, and case transferred from the September term, 1913, of the superior court by *Kivel*, J.

*Remick & Jackson*, for the plaintiffs.

*Henry A. Burque* (by brief and orally), for the defendants.

WALKER, J. The plaintiffs were appointed police officers of the city of Nashua by the board of police commissioners under chapter 148, Laws 1913, and have performed the duties of that office since September 1, 1913. Their compensation was established by the

commission and has become due and payable. The defendants comprise the joint standing committee on accounts of the city councils of the city, whose duty it is to approve and allow the plaintiffs' account. This duty they decline to perform, giving as a reason that another action is pending (*Pollard* v. *Gregg, ante*, 190), in which the right of other men to the office of policemen is involved, and that they are in doubt whether these plaintiffs are legally entitled to compensation. The court ordered the writ to issue, and the defendants excepted.

That the plaintiffs were regularly appointed by the commissioners (Laws 1913, *c.* 148, *s.* 4), and have performed the duties of their office, authorizes the conclusion that they are entitled to their pay. If there are facts showing that the commissioners had no power to appoint them under the circumstances, that the commissioners were guilty of a breach of trust in what they did in this respect, which might relieve the city from its liability for the plaintiffs' compensation, they do not appear in the case as presented. The contention on the part of the defendants seems to be that because it has been decided that the plaintiffs in the Pollard case are police officers of the city, the conclusion follows that the plaintiffs in this case are not such officers and are not entitled to pay for services actually rendered. But this reasoning is manifestly unsound in the absence of further facts. The finding of the court presents no error. *Gooch* v. *Exeter*, 70 N. H. 413; *Gibbs* v. *Manchester*, 73 N. H. 265.

*Exception overruled.*

PEASLEE and PLUMMER, JJ., concurred in the result: the others concurred.